OPINION
On May 24, 2001, appellant Lonnie Richardson entered a plea of guilty to one count of possession of cocaine, a felony of the fourth degree. He was sentenced to treatment in lieu of conviction, and placed under the supervision of the Ohio Adult Parole Authority for one year.
On August 3, 2001, the Parole Authority filed a motion to revoke treatment and impose sentence. The case proceeded to a hearing in the Stark County Common Pleas Court. Sam Collington testified that during the early morning hours of Saturday, July 21, he was at the residence of a friend. He testified that a large red Thunderbird drove by the home with five to six people inside. He testified that he saw appellant hanging out of the sunroof with a few other people, and he saw appellant shoot a gun. Collington had seen the car before, parked at appellant's residence. He knew appellant, and had socialized with him in the past.
Collington ducked until the car drove away. He did not see what kind of gun appellant shot, and could not tell whether he aimed at the house. However, Collington heard a bullet strike the house.
Appellant was arrested for discharging a weapon into a home or school. However, the Grand Jury returned a "no bill" with respect to this charge. After hearing the testimony at the probation revocation hearing, the court found that appellant had violated the terms of his probation, revoked his probation, and sentenced him to a determinate term of sixteen months incarceration.
Appellant assigns a single error on appeal:
ASSIGNMENT OF ERROR
 THE TRIAL COURT'S FINDING OF A PROBATION VIOLATION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
The State's burden of proof in a probation revocation hearing is to prove, by a preponderance of the evidence, that the defendant violated a condition of probation. State v. Richards (April 17, 2000), Stark Appellate No. 1999CA362, unreported. This determination is to be based on substantial evidence, and the trial court is to determine credibility of witnesses. Id. A trial court's decision to revoke probation will not be disturbed on appeal absent an abuse of discretion. Id.
The evidence presented at the revocation hearing showed by a preponderance of the evidence that appellant did participate in a drive-by shooting, and discharged a firearm. Collington specifically testified he saw appellant pass by the residence, hanging out the sunroof of the car, and saw him shoot a gun. Although appellant challenges Collington's credibility based on his criminal history, the record reflects that Collington had been convicted and sentenced for an unrelated crime earlier on the day in question, and he testified that he did not receive any inducements, threats, or promises by the government in exchange for his testimony.
Although appellant's mother testified that appellant was at a party on the night in question, she did not provide an alibi. In fact, she testified that appellant left the party at about the time of the shooting, and later returned to the party.
Although the Grand Jury may not have found the evidence strong enough to issue an indictment, the evidence does demonstrate it is more likely than not that appellant participated in the drive-by shooting. The court did not err in finding that he violated a specific term of his probation, namely that he follow all federal, state, and local laws.
The assignment of error is overruled.
The judgment of the Stark County Common Pleas Court is affirmed.
By GWIN, P.J., HOFFMAN, J., and FARMER, J., concur
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Stark County Common Pleas Court is affirmed. Costs to appellant.